IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID KARCH,

    Plaintiff,

v.

C&D TECHNOLOGIES, INC.,
a Delaware Corporation,

    Defendant.

_____

Case No. 23-cv-00071-GBW
Hon. Gregory B. Williams

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff takes issue with Defendant's characterization of the underlying facts in this case, particularly those relating to the circumstances surrounding his resignation. However, since those facts are not relevant to the issues now before the Court, they are not addressed in this reply brief. Similarly, Plaintiff does not dispute the Third Circuit's holding in *Encompass*, but does disagree with its reasoning and believes it was wrongly decided, as set forth in Plaintiff's initial brief.

The Court's holding in Encompass, however, is not dispositive of Plaintiff's Motion to Remand. Though it dealt with interpretation of the same removal statutes as those at issue in the instant case, it did not involve interpretation of a forum selection clause by which the parties were contractually bound. The overwhelming majority of judges in this district have held that language virtually identical to that

1

found in Plaintiff's Employment Agreement bars defendants from removing diversity-based cases from state to federal court.

In opposition to Plaintiff's motion, Defendant relies on two cases, only one of which, *Sanyo Electric Co. v. Intel Corp.*, 2019 WL 1650067 (D. Del. Apr. 17, 2019), was decided by a Delaware District Court. But Defendant ignores the fact that the reasoning in Sanyo was later criticized and rejected by Judge Connolly of this Court.

The *Sanyo* case dealt with contract language similar to that at issue here:

> All disputes and litigation arising out of or related to this Agreement, including without limitation matters connected with its performance, shall be subject to the exclusive jurisdiction of the courts of the State of Delaware or of the Federal courts sitting therein. Each Party and each Granting Subsidiary hereby irrevocably submits to the personal jurisdiction of such courts and irrevocably waives all objections to such venue.

The *Sanyo* court found that this clause "on its face" . . . "states that either federal or state court is permitted so long as the court is in Delaware" and that the clause "indicate[s] an agreement to certain geographical locations for the convenience of the parties *rather than* a waiver of the defendant's rights to removal." *Id.* at *5. (internal quotation marks and citation omitted) (emphasis added).

But Judge Connolly of this Court criticized and rejected this reasoning in *Presidio, Inc. v. Closson,* 2022 WL 17846561 (D. Del. Dec. 22, 2022), which dealt with a nearly identical contract clause:

> *i.*   EACH OF THE PARTIES HERETO HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE CHANCERY COURTS OF THE STATE OF DELAWARE AND THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE ... FOR THE PURPOSE OF ANY SUIT, ACTION OR OTHER PROCEEDING ARISING OUT OF, OR IN CONNECTION WITH, THIS AGREEMENT.
>
> * * *
>
> *ii.*   *EACH OF THE PARTIES HERETO HEREBY EXPRESSLY WAIVES ANY AND ALL OBJECTIONS IT MAY HAVE TO VENUE*, INCLUDING, WITHOUT LIMITATION, THE INCONVENIENCE OF SUCH FORUM, *IN ANY OF SUCH COURTS. ...*

In granting plaintiff's Motion to Remand, Judge Connolly reasoned:

> [A]greeing that a suit can be litigated in either state or federal courts located in Delaware is one thing. Agreeing that a suit must be litigated in the court in which it was first filed is another thing. The two are neither the same nor mutually exclusive; it does not follow as a matter of logic that because the parties agreed to sue in Delaware, they did not also agree to waive the transfer (or removal) of a suit brought initially in one of those Delaware courts to another Delaware court.
>
> The court's interpretation of the forum selection clause in *Sanyo* gives no meaning to the words "irrevocably waives all objections to venue." For that reason, I do not find it persuasive.
>
> *Id.* at *2

Judge Andrews of this Court reached the same conclusion in *TKach v. RumbleOn, Inc.*, 2022 WL4378826 (D. Del. Sept. 22, 2022). The forum selection

clause in that case was again virtually identical to that in the instant case. It read that litigation arising out of a dispute:

> . . .MAY BE INSTITUTED IN THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA OR THE COURTS OF THE STATE OF DELAWARE, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS IN ANY SUCH SUIT, ACTION OR PROCEEDING. THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE LAYING OF VENUE OF ANY SUIT, ACTION OR ANY PROCEEDING IN SUCH COURTS AND IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

Id. at *3

Judge Andrews found that this language effected a waiver of defendant's right to remove to federal court a case filed in state court, and granted plaintiff's motion to remand. *Id.* In reaching this conclusion, Judge Andrews relied in part on the holding in *Carlyle Inv. Management, L.L.C. v. Carlyle Capital Corp.*, 800 F. Supp. 2d 639, 644-45 (D. Del. 2011), where remand was again ordered based on a nearly identical forum selection clause. Judge Andrews reasoned, that it "would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each other's decision to file in Delaware state court." *Id.*

The same result is mandated here.  The courts of this District have routinely and consistently held that forum selection clauses containing language virtually identical to the one drafted and agreed to by Defendant herein worked to bar removal of a case from state to federal court, because they evidence the parties' intent to restrict geographically the initiation of litigation and to waive a defendant's right to removal.  Plaintiff's choice of forum should therefore be honored and his Motion to Remand granted.

        RESPECTFULLY SUBMITTED,

By: */s/ Kate Butler*
Kate Butler (No. 6017)
Kate Butler Law LLC
1509 Gilpin Avenue, Suite 3
Wilmington, DE 19806
T: 302-966-9994
kate@katebutlerlaw.com

-and-

Dated:  March 10, 2023

By: */s/ Sam Morgan*
Sam Morgan (P36694) *
GASIOREK MORGAN
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, Michigan 48334
(T) (248) 865-0001 / (F) (248) 865-0002
smorgan@work-lawyers.com
* (*Pro Hac Vice*)