IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID KARCH,

            Plaintiff,

v.

C&D TECHNOLOGIES, INC,

            Defendants.

C.A. No. 23-71-GBW

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion to remand this case back to the Superior Court of the State of Delaware pursuant to 28 USC §1447(c). D.I. 7. Plaintiff seeks remand arguing Defendant contractually waived its removal rights by agreeing to a forum selection clause in an Employment Agreement between Plaintiff and Defendant. D.I. 8 at 4-5. Defendant contends that the forum selection clause "makes clear CDT intended that relevant disputes would be litigated in a state or federal court sitting in Wilmington, Delaware — not that it would be required to remain in state court solely because the plaintiff happened to file a lawsuit there." D.I. 11 at 8. The Court agrees with Plaintiff.

Removal provisions "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, LP.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). That burden is a high one when seeking to avoid a forum selection clause. *M/S Bremen v. Zapata Off–Shore*

*Co.*, 407 U.S. 1, 15 (1972), *overruled on other grounds by Lines v. Chasser*, 490 U.S. 495 (1989); *ING Bank, FSB. v. Palmer*, C.A. No. 09–CV–897–SLR. 2010 WL 3907825, *1 (D. Del. Sept. 29, 2010) (holding that a strong presumption exists in favor of enforcing a forum selection clause). "A forum selection clause does not oust a court of subject matter jurisdiction," *M/S Bremen*, 407 U.S. at 12, but "while the federal court has jurisdiction, it should decline to exercise it." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212 n. 7 (3d Cir. 1991). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10.

To determine whether a forum selection clause waives a party's right to remove to federal court, a court should use "the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster*, 933 F.2d at 1217 n. 15. The district court must look to the "plain and ordinary meaning" of the clause's language to determine whether it amounts to a waiver of the right to remove. *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011) (internal citations omitted). A district court may find such a waiver even if the forum selection lacks an explicit waiver of removal. *Foster*, 933 F.2d at 1216-17 (finding that defendant, by consenting to "submit" to "any court" of competent jurisdiction "at the request of" plaintiff, agreed to go to, and stay in, plaintiff's choice of forum).

Here, the forum selection clause in Paragraph 23(b) of the Employment Agreement provides in relevant part:

> Each of the parties hereto irrevocably agrees for the exclusive benefit of the other that any and all suits, actions, or proceedings arising out of or relating to this Agreement (a "Proceeding") shall be heard and determined in a Delaware state or a federal court sitting in Wilmington, Delaware, and the parties hereby irrevocably submit to the exclusive jurisdiction of such courts in any such Proceeding. Each of the parties hereto irrevocably waives any objection to the

> laying of venue of any such Proceeding brought in any such court and irrevocably waives any claim that any such Proceeding brought in any such court has been brought in an inconvenient forum. . .

D.I. 8-1 at 14. When analyzing forum selection clauses containing language similar to that found in Paragraph 23(b), district courts in the Third Circuit have favored Plaintiff's view. *See Tkach v. RumbleOn, Inc.*, C.A. No. 22-00710-RGA, 2022 WL 4378826, at *2 (D. Del. Sept. 22, 2022) (collecting cases). Indeed, this Court agrees with Plaintiff that the forum selection clauses in *Tkach*, *Carlyle Inv. Management, L.L.C. v. Carlyle Capital Corp.*, 800 F. Supp. 2d 639 (D. Del. 2011) and *Presidio, Inc. v. Closson*, C.A. No. 22-494-CFC, 2022 WL 17846561 (D. Del. Dec. 22, 2022) are materially identical to the clause at issue in Paragraph 23(b).

In *Tkach*, the relevant portion of the forum selection clause stated:

> (a) ANY ACTION ARISING OUT OF OR BASED UPON THIS AGREEMENT, THE OTHER ADDITIONAL AGREEMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY OR ANY ACTION OR OTHER DISPUTE INVOLVING THE DEBT FINANCING SOURCE RELATED PARTIES ARISING OUT OF OR BASED ON THIS AGREEMENT, THE OTHER ADDITIONAL AGREEMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY MAY BE INSTITUTED IN THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA OR THE COURTS OF THE STATE OF DELAWARE, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS IN ANY SUCH SUIT, ACTION OR PROCEEDING. THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE LAYING OF VENUE OF ANY SUIT, ACTION OR ANY PROCEEDING IN SUCH COURTS AND IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

*Tkach*, 2022 WL 4378826, at *1. In *Carlyle*, the relevant portion of the forum selection clause at issue stated:

3

> The federal or state courts sitting in Delaware shall have exclusive jurisdiction over any action, suit or proceeding with respect to this Agreement and each party hereto hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may have, whether now or in the future, to the laying of venue in, or to the jurisdiction of, any and each of such courts for the purposes of any such suit, action, proceeding or judgment and further waives any claim that any such suit, action, proceeding or judgment has been brought in an inconvenient forum, and each party hereto hereby submits to such jurisdiction.

*Carlyle*, 800 F. Supp. 2d at 644. And in *Presidio*, the relevant portion of the forum selection clause at issue stated:

> i. EACH OF THE PARTIES HERETO HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE CHANCERY COURTS OF THE STATE OF DELAWARE AND THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE … FOR THE PURPOSE OF ANY SUIT, ACTION OR OTHER PROCEEDING ARISING OUT OF, OR IN CONNECTION WITH, THIS AGREEMENT.
>
> ii. EACH PARTY HEREBY … COVENANTS THAT IT SHALL NOT SEEK … TO CHALLENGE OR SET ASIDE ANY DECISION, AWARD OR JUDGMENT OBTAINED IN ACCORDANCE WITH THE PROVISIONS HEREOF.
>
> iii. *EACH OF THE PARTIES HERETO HEREBY EXPRESSLY WAIVES ANY AND ALL OBJECTIONS IT MAY HAVE TO VENUE,* INCLUDING, WITHOUT LIMITATION, THE INCONVENIENCE OF SUCH FORUM, *IN ANY OF SUCH COURTS.* …

*Presidio*, 2022 WL 17846561, at *1. The "core elements" of each of these clauses are the same. *Tkach*, 2022 WL 4378826, at *1. All three provide that federal or state courts shall have "exclusive jurisdiction" over actions arising from the contract. *Tkach*, 2022 WL 4378826, at *1; *Carlyle*, 800 F. Supp. 2d at 644; *Presidio*, 2022 WL 17846561, at *1. The *Tkach* and *Carlyle* clauses require the parties to each "submit[]" to such jurisdiction and "irrevocably" waive any objection to venue and any claim that the action has been brought in an inconvenient forum. *Tkach*, 2022 WL

4

4378826, at *1; *Carlyle*, 800 F. Supp. 2d at 644. And the *Presidio* clause similarly requires the parties to "consent[]" to such jurisdiction and waive "any and all" objections they might have to venue "in any of such courts." *Presidio*, 2022 WL 17846561, at *1.

Tellingly, Defendant's papers do not address *Tkach* or *Carlyle*. Defendant attempts to distinguish *Presido* by arguing that Paragraph 23(b) does not include a waiver of "**any and all** objections" and is thus "substantively different" than the *Presidio* clause. D.I. 11 at 11. While the presence of "any and all" may be sufficient to waive removal, such language is not necessary for this Court to find that the "plain and ordinary meaning" of Paragraph 23(b) amounts to a waiver of the right to remove. *New Jersey*, 640 F.3d at 548. Again, Paragraph 23(b) on its face states that each party "irrevocably waives any objection to the laying of venue of any such Proceeding brought" in "Delaware state or a federal court sitting in Wilmington, Delaware"; "irrevocably submit[s] to the exclusive jurisdiction of such courts"; and "irrevocably waives any claim that any such Proceeding brought in any such court has been brought in an inconvenient forum." D.I. 8-1 at 14. "[I]t would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each other's decision to file in Delaware state court." *InterDigital, Inc. v. Wistron Corp.*, C.A. No. 15–478–LPS, 2015 WL 4537133, *1 (D. Del. June 18, 2015).

Although Defendant principally relies on *Periodical Graphics, Inc. v. Spitz*, C.A. No. 94-CV-3286, 1994 WL 502506 (E.D. Pa. 1994) and *Sanyo Elec. Co., Ltd. v. Intel Corp.*, C.A. No. 18-1709-RGA, 2019 WL 1650067 (D. Del. Apr. 17, 2019) to argue that Paragraph 23(b) was not intended to waive removal rights (D.I. 11 at 8-10), that authority is not persuasive. *Periodical Graphics*, a decision issued by a federal court in the Eastern District of Pennsylvania, cannot overcome the multiple cases issued by courts in the District of Delaware concluding removal

5

contractually waived by forum selection clauses materially identical to Paragraph 23(b). Further, while Defendant heavily relies on *Sanyo* to argue that the clause is merely "an agreement to certain geographical locations for the convenience of the parties," D.I. 11 at 8, the forum selection clause in *Sanyo* was not determinative of the outcome of the motion to remand. *Sanyo Elec.*, 2019 WL 1650067, at *6 (remanding on other grounds). Indeed, Judge Andrews clarified that his "interpretation of the forum selection clause in [*Sanyo*] is dicta." *Tkach*, 2022 WL 4378826, at *2 n. 1.

Accordingly, because Paragraph 23(b) contains sufficient mandatory language to convey that the parties intended to waive their right to remove to federal court, and Defendant has made no showing that the clause is "unreasonable" under the circumstances, *M/S Bremen*, 407 U.S. at 10, this action will be remanded to the Superior Court of the State of Delaware.

\* \* \*

**WHEREFORE**, this 11th day of July, 2023, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand is **GRANTED** and this action is **REMANDED** to the Superior Court of the State of Delaware.

2. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, Motion for a More Definite Statement is **DENIED AS MOOT**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE